Filed 3/3/23  P. v. White CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

SOPEHIA MADRESS WHITE,

     Defendant and Appellant.

E080274

(Super.Ct.No. CR51048)

OPINION

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Affirmed.

Sopehia M. White, in propria persona; and Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Sopehia Madress White appeals the denial of her Penal Code section 1172.6[1] petition to vacate her conviction for attempted murder.  After her counsel filed a no-issue

---

[1]  Unlabeled statutory citations refer to the Penal Code.

1

brief under *Anders/Wende*[2], White filed her own supplemental brief, primarily focused on various evidentiary issues with her trial, but also raising some issues more relevant to the denial of her petition.  We affirm.

BACKGROUND

In 1995, a jury convicted White of premeditated attempted murder (§§ 664, 187) and child endangerment.  (§ 273a, subd. (1).)  The jury also found true allegations that the attempted murder caused great bodily injury (§ 12022.7), and that both crimes involved the personal use of a firearm.  (§ 12022.5, subd. (a).)  The jurors were not instructed on the natural and probable consequences doctrine.

In July 2022, White petitioned for resentencing under section 1172.6.  In November 2022, the trial court held a hearing on the petition.  Both parties agreed the jury was not instructed on the natural and probable consequences doctrine.  The trial court found "that the defendant is not eligible" for relief.

ANALYSIS

On White's request, we appointed counsel to represent her on appeal.  Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende* if appellate counsel cannot identify any arguable issues.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227,

---

[2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

231 (*Delgadillo*).) However, "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) Here, after appellate counsel filed a brief notifying us White's appeal presented no arguable issues, we offered White an opportunity to file a personal supplemental brief, and she did so.

Under section 1172.6, "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced." (§ 1172.6, subd. (a).)

White was not convicted of attempted murder under a natural and probable consequences theory of liability, as her jury was not instructed on such a theory. Moreover, we can and do take judicial notice of our nonpublished decision in White's appeal from her judgment. (*People v. White* (May 9, 1996, E015733, E016751) [nonpub. opn.].; Evid. Code, § 452, subd. (d).) According to our decision in that appeal, White was the principal and only offender. Therefore, White could not have been convicted under a natural and probable consequences theory, and the trial court was correct in concluding White was not eligible for relief.

Most of the arguments White raises in her supplemental brief concern alleged errors in her trial. However, the time to raise such arguments was in her direct appeal from her conviction. Indeed, our 1996 opinion affirming her conviction addressed some arguments she now asserts again. The only issue before us now is whether the trial court

properly denied White's petition under section 1172.6. We cannot, need not, and do not address any alleged errors in White's trial.

White does allege several errors which relate to the trial court's order denying her petition. She argues her attorney's decision to file a no-issues brief under *Wende/Anders* was a violation of her Sixth Amendment right to counsel, that the People were required to re-prove her guilt beyond a reasonable doubt at the hearing on the petition, that she was convicted under a natural and probable consequences theory, and that she was not provided notice of the hearing on that petition.

None of these arguments have merit. First, " '[t]here is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgment of conviction.' " (*Delgadillo*, *supra*, 14 Cal.5th at p. 227.) In addition, " 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings." (*Id.* at p. 226.) Accordingly, filing a brief under the authority of *Wende/Anders* does not deprive a defendant of their Sixth Amendment right to counsel, because no such right exists in proceedings such as these.

Second, section 1172.6 does not require the People to re-prove a defendant's guilt anytime a defendant files a petition under that section. Section 1172.6 first requires the petitioner to make a prima facie case for relief. (§ 1172.6, subd. (c).) If they do, the court must hold a hearing within 60 days where "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189

4

made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) Here, White's petition did not clear the first hurdle, so the People did not need to prove anything. Moreover, even if the petition had compelled the court to hold an evidentiary hearing, a " 'hearing under section [1172.6] is not a trial de novo on all the original charges.' . . . Rather, it is a postconviction proceeding." (*People v. Williams* (2020) 57 Cal.App.5th 652, 661, italics omitted.)

Next, White asserts she was convicted under a natural and probable consequences theory. She argues the direct appeal from her conviction states she was "sentenced under the natural [and] probable [d]octrine of consequences." Our decision in her original appeal demonstrates that assertion to be false. As stated above, she could not have been convicted under such a theory because she was the only offender, and the jury was not instructed on such a theory.

Finally, any arguable failure to give White notice of the hearing date for her petition is at most harmless error. White was represented by counsel at the hearing, and section 1172.6 does not require the defendant's presence at any hearing. There is no indication any alleged lack of notice deprived her of due process or the opportunity to present her case. Her presence would not have changed the circumstance that she was not convicted under a natural and probable consequences theory, and therefore was not entitled to relief.

For all of these reasons, we affirm.

DISPOSITION

We affirm the order denying White's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____

J.

We concur:

RAMIREZ _____

P. J.

SLOUGH _____

J.